UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHANNON HILMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-01876-AGF |
| | ) |
| TRAVELERS COMMERCIAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion for a more definite statement, pursuant to Rule 12(e). ECF. No. 8. For the reasons set forth below, the motion will be granted.

## BACKGROUND

This diversity case arises out of an automobile accident in August 2016, when Plaintiff was injured while driving a van owned by his employer and insured by Defendant under the employer's commercial liability policy.[1] In July 2018, Plaintiff sent Defendant a demand letter, in accordance with the policy, describing the accident and the nature and extent of his injuries, along with a settlement proposal. Defendant rejected the demand, so Plaintiff filed a petition in state court alleging breach of contract and vexatious refusal to pay. As relevant here, Plaintiff's petition identifies the policy, the

---

[1] Plaintiff was denied worker's compensation benefits for his injuries because the accident occurred after work hours.

date and time of the accident, and the nature of his injuries. Defendant removed the action to this Court and filed the present for a more definite statement insofar as the petition fails to specify the location of the accident, the identity of the other driver, and the type of coverage claimed (e.g., uninsured or underinsured motorist, or other). In response, Plaintiff avers that Defendant received adequate notice of these particulars by virtue of his earlier demand letter. In reply, Defendant asks that Plaintiff merely incorporate those details into his pleading.

## DISCUSSION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Together these rules permit the court and the litigants to know, at the pleading stage, who is being sued and the grounds for same, thereby facilitating the just, speedy, and inexpensive determination of the action." *Bay Industries, Inc. v. Tru–Arx Mfg., LLC*, No. 06–C–1010, 2006 WL 3469599, at *1 (E.D. Wis. Nov. 29, 2006).

"Because of liberal notice pleading and the availability of extensive discovery, motions for a more definite statement are universally disfavored." *McCoy v. St. Louis Public Schools*, 4:11CV918 CDP, 2011 WL 4857931, at *2 (E.D. Mo. Oct. 13, 2011). However, when a "pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite under Rule 12(e) before responding." *Pfitzer v. Smith & Wesson Corp.*, 4:13-CV-676-JAR, 2014 WL 636381, at

*1 (E.D. Mo. Feb. 18, 2014). "A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable." *Id.*

The Court finds Defendant's Rule 12(e) motion meritorious. Rules 8 and 12 apply to formal pleadings; the information stated in Plaintiff's demand letter is neither binding on Plaintiff nor imputed to Defendant. The complaint omits basic facts necessary for Defendant to prepare an answer and identify potential procedural issues and possible defenses, particularly regarding the location of the accident as it relates to jurisdiction and venue, the identity and insurance status of the other driver, and the nature of coverage sought. Given that Plaintiff already possesses these facts in written form, the burden of amending the complaint to include them is minimal.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's motion for a more definite statement is **GRANTED**. ECF No. 8. Plaintiff shall file an amended complaint no later than December 18, 2018.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of December, 2018.